IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 1:11-CR-23 (WLS) |
| TAWANDA M. CHANDLER, : | |
| Defendant. : | |

**ORDER**

Before the Court is Defendant Tawanda Chandler's *pro se* Motion Requesting Sentence Reduction for Substantial Assistance. (Doc. 209.) Chandler claims the United States breached its plea agreement by failing to move for a sentence reduction for substantial assistance after she testified before a grand jury. The Government opposes the motion because Chandler did not provide substantial assistance and, in any event, only the Government can move for a sentence reduction under Rule 35 or U.S.S.G. § 5K1.1.

Chandler's motion lacks merit. The decision to file a Rule 35(b) motion is discretionary. *Wade v. United States*, 504 U.S. 181, 185 (1992). A district court cannot review the Government's refusal to file such a motion unless (1) the Government reneged on a promise to do so or (2) the Government's refusal is based on an unconstitutional motivation, such as the defendant's race or religion. *See United States v. Bell*, 465 F. App'x 892, 894 (11th Cir. 2012). Neither ground is applicable here.

Chandler first claims the Government breached the plea agreement, which provided that "if cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as substantial assistance." (Doc. 209 at 1

1

(quoting Doc. 56 at 10).) But "where a plea agreement requires the government only to 'consider' filing a substantial-assistance motion and places the decision 'solely' in the hands of the government, the government has not failed to fulfill any promise." *United States v. Ware*, No. 12-14878, 2013 WL 1748806, at *2 (11th Cir. Apr. 23, 2013) (citation omitted). Because the Government promised only to "consider" filing a motion under Rule 35 or U.S.S.G. § 5k1.1, the Government retained discretion as to whether to file such a motion. It follows that the failure to file a motion under Rule 35, without more, does not rise to a breach of the plea agreement. Additionally, Chandler has not alleged, let alone shown, that the Government failed to file a motion for sentence reduction for unconstitutional reasons.

Her motion for sentence reduction (Doc. 209) is accordingly **DENIED**.

**SO ORDERED**, this  15th   day of July 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**